AO 472 (Rev. 12/03) Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
Eastern District of Michigan

UNITED STATES OF AMERICA  ORDER OF DETENTION PENDING TRIAL

v.  CASE NO: 06-20440

TYREECE DUPREE PITTS
_____/

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of this Defendant pending trial in this case.

**Part I—Findings of Fact**

Does Not Apply

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801) **OR** under 18 U.S.C. § 924(c).

(2) The Defendant has not rebutted the presumption established by finding #1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues initially that the presumption in favor of detention applies. The Court concurs with this argument as the Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act. Therefore, the Court must consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142 (g).

As to the factors set forth in subsection (g)( 1) and (g)(2) I find that the offense charged involves a narcotic drug, specifically crack cocaine. I find that from the grand jury having returned an Indictment, there is at least probable cause supporting the charges against the Defendant.

As to §3142 (g) (3), I find that the Defendant is currently 22 years of age. At the time of his arrest, the Defendant was living in Ypsilanti with his fiancé. Defendant has lived in various residences in Ypsilanti for the last five years. Aside from a brief period of time spent in Florida, he has been a lifelong resident of Michigan. Counsel for the Defendant proffers that he has a GED, and is currently self-employed at a business involving the cleaning and detailing of automobiles. He earns a modest income at that work. Prior to this job, the Defendant advised Pretrial Services that while living in Florida he worked for landscaping company. Records of the Michigan Department of Corrections available to Pretrial Services indicate that the Defendant also worked briefly for a tuxedo shop and a housing concern.

Defendant admitted to Pretrial Services that he has used marijuana since the age of 13, and that he has had both inpatient and outpatient substance abuse treatment in 1999 and again in 2003. The Defendant has also been referred for classes and outpatient treatment after a conviction for Operating Under the Influence and Open Intoxicants. The Defendant submitted to urinalysis testing which was positive for marijuana.

Both counsel are correct that the Defendant has three active bench warrants, all of them issued in 2006 from 14-B District Court in Ypsilanti: one for False Identification and two for Driving While License Suspended. On October 9, 2002, after a guilty plea, he was sentenced to fines and costs on a charge of Misdemeanor Operating - No License/Multiple Licenses. On November 22, 2002, after a guilty plea, the Defendant was sentenced to six months probation, fines and costs on a charge of Misdemeanor Operating While Impaired. On October 27, 2003, the Defendant was sentenced to three years probation, fines and costs after pleading guilty to Delivery/Manufacture Less Than 50 Grams of Cocaine and Possession Less Than 25 Grams Cocaine. Defense counsel proffered that the Defendant only pled guilty to the second charge. On August 2, 2006, the Defendant was sentenced to two years of probation after pleading guilty to Controlled Substance - Possession of Cocaine Less Than 25 Grams; License Suspended/Let Suspended Person Operate Vehicle; and Open Alcohol Container in Vehicle. The conduct charged in this indictment took place less than three weeks after the Defendant was sentenced on these charges. The Government proffers that as part of the conduct surrounding the Defendant's arrest, the Defendant offered to sell an assault-type weapon to a confidential informant. Defense counsel proffers that the Defendant is only an occasional user of controlled substances, that he is capable from abstaining from such use, and that he would benefit from further counseling and treatment. Counsel also proffers that the Defendant would abide by any type of court supervision if allowed to return to the residence he shares with his fiancé.

As I weigh these facts under the Bail Reform Act, I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the presumption in favor of detention has not been rebutted. Even if it had, in light of the Defendant's consistent pattern of criminal behavior (new felony criminal charges coming days after release from other felonies), his insubstantial economic ties to this area, and the

fact that he now faces the most severe penalties he has ever encountered (the possibility of life imprisonment without parole), there are no conditions nor any combination of conditions which would reasonably assure the safety of the community or the Defendant's appearance at future court hearings as required. Although it has been proffered that the Defendant could return to a residence with his fiancé in Ypsilanti, it is apparent from his record that this arrangement has provided no control over the Defendant's behavior or his use of illegal controlled substances. Moreover, at least six circuits have held that continued drug dealing constitutes a danger to the community. *U.S. v. Leon,* 766 F.2d 77 (2d Cir. 1985); *U.S. v. Strong,* 775 F.2d 504 (3d Cir. 1985); *U.S. v. Williams (Melvin),* 753 F.2d 329 (4th Cir. 1985); *U.S. v. Hare,* 873 F.2d 796, 798 (5th Cir. 1989); *U.S. v. Portes,* 786 F.2d 758 (7th Cir. 1986); and *U.S. v. Sazenski,* 806 F.2d 846 (8th Cir. 1986). For these reasons the Government's motion to detain is **GRANTED**.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal's Service for the purpose of an appearance in connection with a court proceeding.

                                              s/ *Charles E. Binder*
                                              CHARLES E. BINDER
Dated: August 24, 2006                          United States Magistrate Judge

5

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Michael Hluchaniuk and Ken Sasse, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.


Date: August 24, 2006    By     s/Jean L. Broucek
                         Case Manager to Magistrate Judge Binder